814

LEE COMBS, as Executor, etc., Plaintiff and Respondent v. J. E. HADDOCK, LIMITED et al., Defendants and Appellants.

Kindel & Anderson and Paul L. Freese for Defendants and Appellants.

Lee Combs, in pro. per., William R. Jarnagin and Wallace B. Scales for Plaintiff and Respondent.

WOOD, P. J.—Three defendants appeal from an order denying their motion to strike from a judgment a provision wherein they were charged with interest on amounts received as rent. The motion was made on the asserted ground that this court in its opinion in *Combs* v. *Haddock,* 190 Cal.App.2d 151 [11 Cal.Rptr. 865], had modified the judgment by deleting such provision regarding interest.

The former appeal pertained to two cases, referred to as *Mashon* v. *Haddock* and *Kettering* v. *Haddock*. The cases had been tried together and separate judgments had been entered.

At the end of the opinion on that appeal, it was stated: "The judgments in these two cases will be modified to delete therefrom all interest due Mr. Mashon and Mr. Kettering in the accounting for the partnership and the joint ventures, except interest and attorney's fees on the promissory notes. And the judgment in the Mashon case will also be modified to strike therefrom all damages. As so modified, the judgments are affirmed."

After receiving the remittitur, which was in effect the same as the statement just quoted, the trial judge prepared written instructions to the clerk of the trial court regarding the matter of modifying the judgments in conformity with the remittitur. Those instructions stated in part: "I am not certain whether the intent of the District Court of Appeal was that the Remittitur would be self-executing, requiring you to perform the ministerial duty of modifying the judgments to conform with the decision of the court, or if the Remittitur implies a direction to me to order you to do the specific things required by that decision. . . . I feel that, in any event, you should not have to carry the responsibility of applying the decision of the appellate court to the judgments. That application cannot be made in case No. SMC 3237 [*Mashon* case] without going behind the judgment and looking to and understanding the Findings of Fact and Conclusions of Law. Hence, I give you these instructions, which, I am sure, you will welcome."

Then it was stated therein that, before sending the instructions to the clerk, the judge would send a copy of the instructions to the division of the District Court of Appeal where the opinion was rendered, and would send copies to counsel for the parties. It was also stated therein that the judge would withhold delivery of the instructions to the clerk for 10 days, within which time anyone concerned might make any suggestion or objection. It was also said therein: "To make this one dictation serve also as a letter to counsel, I am including in parentheses comments which are explanatory to them, not instructions to you. In case No. SMC 3237, you will change the judgment as follows: .. (1) In paragraph 2 on page 2 ... substitute for the figure '$143,141.14' the figure '$129,058.09'. . . . (2) In paragraph 2 on page 2 . . . substitute for the figure '$81,169.63' immediately before the word 'interest'

the figure '$6,688.18'. . . . In case No. 638046 [*Kettering* case] . . . you will substitute a period for a comma after the figure '$11,000.00' . . . and you will strike out all the words commencing with the word 'together' immediately following said figure . . . to and including the word 'judgment'. . . ."

The copies of the instructions were sent to the persons therein referred to on May 29, 1961. No one communicated with the trial judge within the time mentioned, and he "ordered the order filed on June 9, 1961," and it was entered in the judgment book on June 13, 1961. On said last mentioned date the clerk made notations on the judgments modifying them pursuant to said instructions of the trial judge.

On July 18, 1961, a receiver, who had been appointed in the *Mashon* case, filed his report and proposed account, wherein he charged the appellants herein with "rentals collected" in the amount of $63,000 as provided in the *Mashon* judgment, and he also charged them with interest thereon in the amount of $29,244.03. Appellants objected to the portion of the account regarding interest upon the ground that the District Court of Appeal had modified the judgment by deleting the charge of interest on the rentals which had been collected by appellants. The trial judge ruled that the receiver properly charged the interest.

On September 22, 1961, the appellants made a motion for an order striking out a portion of the *Mashon* judgment regarding interest on the rentals collected. The portion so referred to is as follows: "[T]ogether with interest at the legal rate of seven per cent per annum on each monthly rental of $1750 from the day it was collected . . . ." The motion was made upon the ground that the District Court of Appeal had ordered and decreed a modification of the judgment to delete, among other things, the said portion regarding interest on rentals collected. The motion was denied.

In denying the motion, the trial judge made a written statement regarding his ruling. He quoted therein the part of the remittitur with reference to deleting interest. As hereinabove shown, that part included: ". . . that the judgments are modified to delete therefrom all interest *due Mr. Mashon and Mr. Kettering in the accounting* for the partnership and the joint ventures, except interest . . . on the promissory notes. And the judgment in the *Mashon* case will also be modified to strike therefrom all damages. As so modified, the judgments are affirmed." (Italics added.) The judge stated

further therein: "The interest ordered by the appellate court to be deleted from the judgment is precisely identified by two qualifications: First it is interest 'due Mr. Mashon and Mr. Kettering.' . . . Secondly, it is interest *due* them *'in the accounting* for the partnership and the joint ventures.' The interest that the trial court assessed on the rentals that were misappropriated from Industrial Sites, Inc. was not, and was not found to be, due Mr. Mashon and/or Mr. Kettering. The rentals had been paid to, were misappropriated from, and were owing to, Industrial Sites, Inc. as such. In that joint venture, the court found, Mr. Mashon had only a one-fourth interest and Mr. Kettering had no interest. The defendants Haddock themselves were found to be the owners to the extent of three-fourths of the total title. The trial court assessed the interest on the precisely fixed and known sums that were misappropriated. . . . The interest was not assessed or found to be due to anyone in *an accounting.* In respect to an accounting, the judgment as to Industrial Sites, was interlocutory. No accounting was found or decreed as to it. The accounting as to Industrial Sites, Inc. is yet to be done, approved and adjudicated. Obviously it was an impossibility for the District Court of Appeal to order deleted, interest *'due'* anyone or awarded to anyone or assessed against anyone in an accounting *not yet made or adjudicated.*"

The trial judge stated further therein that, upon the filing of the remittitur, the duty fell to him to modify the judgment in accord with the remittitur, and he performed that duty by preparing and filing with the clerk instructions relative to modifying the judgment; that before filing "that order," he mailed a copy to counsel for each party and a copy to the appellate court that delivered the remittitur; that in the document he invited suggestions or objections, and stated that he would wait 10 days to hear from anyone before filing the document; that, hearing from no one, he ordered "the order" filed on June 9, 1961; that it was entered in the judgment book on June 13, 1961; that in his opinion it was an appealable order; that since an appeal was not taken from it, he holds that the question presented in the instant motion is res judicata; that in any event a right of appeal will exist in respect to the final accounting of Industrial Sites, Inc., except as to matters previously decided by the appellate court and now law of the case.

It is from the order denying the motion to strike said portion of the judgment that this appeal is taken. Appellants

argue that the theme, tenor, and terms of the opinion on appeal require the deletion of the interest on rentals collected; that the essential nature of the case was a determination of the rights among persons who had been associated as partners in various construction enterprises, and that the trial court and this court deemed it proper to disregard the corporate entities and treat the case as involving an overall accounting among partners and several joint venturers. Appellants refer to a statement in the opinion on appeal, and assert that it established the touchstone of the opinion. That statement is: "The partnership and the joint venturers have at times been referred to in the briefs collectively as the joint venture. We use that term, too, although it is not precisely correct. What we have here is a limited partnership and a series of joint ventures, with an accounting for the whole thing." Appellants assert further that this court, on the former appeal, regarded the awards of interest as an unnecessary penalty upon the appellants for insisting upon a judicial determination of the many claims asserted; and that such recognition or consideration by this court is shown in its statement, as follows: "This court hold in the instant case the date of the judgments is the date of the accounting in all its parts, and that no interest is to be charged before that date, with one exception, viz: The promissory notes, which . . . provide for interest . . . . That part of the judgment will stand."

Appellants assert further that the opinion dealt with the deletion of interest in a generic way just as it resolved many other legal considerations by reference to the principle of a general accounting among the partners.

The former opinion shows that in 1945 the two Haddock brothers were conducting a large and successful construction business known as J. E. Haddock, Limited, a corporation. In that year the brothers formed a partnership consisting of themselves as general partners, and their employees Mr. Mashon and Mr. Kettering as limited partners. The partners undertook several other projects which were joint ventures, in corporate form. The partnership continued until November 1948 when all the partners deemed it dissolved. The Haddocks took over the partnership assets and joint venture projects. Mr. Mashon died a few months thereafter. Mrs. Mashon, as executrix of his will, commenced an action in 1952 for an accounting and for money due on promissory notes. Mr. Kettering commenced an action in 1954 for an

accounting. (He died before the case was tried.) Separate judgments were entered. The *Mashon* judgment provided that plaintiff should recover certain amounts plus other amounts as interest. This included amounts due as principal and interest on promissory notes. The *Mashon* judgment also provided for an interlocutory partition sale and accounting with respect to one of the joint ventures known as Industrial Sites, Inc., a corporation.

With reference to Industrial Sites, Inc., the trial judge found that it is a corporate form which identifies a joint venture of the four partners; that the Haddocks acquired the interest of Kettering therein, the Haddocks own three-fourths and Mr. Mashon owned one-fourth of the assets of that venture; that certain land and buildings thereon, the title to which stands in the name of Industrial Sites, Inc., is owned by the Haddocks and the representative of Mr. Mashon's estate, as tenants in common; that since February 1949 the Haddocks received the rent from said property and have not rendered an accounting relative thereto; that for three years preceding 1954 the monthly rental received by the Haddocks was $1,750; that the only way plaintiff's interest in the property and rentals can be protected is by the appointment of a receiver and by a proceeding in partition.

The opinion on the former appeal shows that the reviewing court regarded the interlocutory part of the judgment in the *Mashon* case (pertaining to the tenancy in common property) as separate from the completed part of the judgment pertaining to the accounting which was completed in court. As above stated, the opinion states (p. 160) that the "Mashon judgment also provided for an interlocutory partition sale and accounting for one of the joint ventures, Industrial Sites, a corporation." The opinion also states (p. 175): "We agree with the trial judge that a complete disposition of the Mashon case required the interlocutory judgment as to the Industrial Sites corporation. In the circumstances and equities here under consideration nothing less could have been done." On page 176 of the opinion it was said: "We find no error in the interlocutory judgment for partition and accounting." The provision which appellants asked the trial court to strike from the judgment was the part of that interlocutory judgment which awarded interest on the rentals that the Haddocks improperly withheld. In other words, the former opinion states in effect that there was no error in the part of the judgment, referred to as an interlocutory judgment, which

awarded interest on the rentals. It is apparent that the reviewing court on the former appeal referred to the partnership accounting as an accounting distinguishable from the accounting in connection with partitioning the real property held as tenants in common. The remittitur is to be interpreted in the light of the other statements in the opinion. The reference in the remittitur to deleting ''all interest due Mr. Mashon and Mr. Kettering in the accounting for the partnership and joint ventures'' is to be considered in the light of expressions in the opinion to the effect that the reviewing court treated the partnership accounting as distinguishable from the accounting under the interlocutory judgment, as to which judgment the reviewing court said there was no error.

The trial court did not err in denying the motion to strike a portion of the interlocutory judgment.

In view of the above conclusion, it is not necessary to determine whether the question presented herein is res judicata by reason of the instructions to the clerk regarding modification.

The order denying the motion to strike a portion of the judgment is affirmed.

Fourt, J., and Lillie, J., concurred.